# 25-501

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

———————————————

**JOSEPH SAFDIEH,**

**Petitioner-Appellee**

**v.**

**COMMISSIONER OF INTERNAL REVENUE,**

**Respondent-Appellant**

———————————————

**ON APPEAL FROM THE ORDER OF THE UNITED STATES TAX
COURT**

———————————————

**JOINT APPENDIX**

———————————————

| | |
|---|---|
| **ROBERT J. WILLE** | **PARKER RIDER-LONGMAID** |
| Tax Division | *Counsel of Record* |
| Department of Justice | Shay Dvoretzky |
| Post Office Box 502 | Armando Gomez |
| Washington, D.C. 20044 | Sylvia O. Tsakos |
| (202) 514-5573 | Skadden, Arps, Slate, |
| Robert.J.Wille@usdoj.gov | Meagher & Flom LLP |
| *Counsel for Appellant* | 1440 New York Ave. NW |
| | Washington, DC 20005 |
| | parker.rider-longmaid@ |
| | skaddden.com |

## TABLE OF CONTENTS

**Description**                                                                  **Page**

Tax Court Docket Sheet ...................................................................A-1

Petition (Doc. 1) .............................................................................A-5

Ratification of Petition (Doc. 5) .......................................................A-12

Declaration of Ryan J. Hough in Support of Motion for.................A-15
Summary Judgment (Doc. 11)

    Ex. A – Civil Penalty Account Transcript, Tax ......................A-19
        Period 2005 – 2009

    Ex. B – Notice of Federal Tax Lien Filing and.......................A-29
        Your Right to a Hearing, Oct. 15, 2019

    Ex. C – Request for Collection Due Process Hearing, ...........A-33
        Oct. 23, 2019

    Ex. D – Appeals Received Your Request for Hearing,............A-37
        Apr. 27, 2020

    Ex. E – IRS Case Activity Record Print.................................A-40

    Ex. F – Notice of Determination, Sept. 1, 2020 .....................A-46

Order (Doc. 17) .............................................................................A-51

Order and Decision (Doc. 24) ........................................................A-53

Notice of Appeal (Doc. 27) ............................................................A-56



# United States Tax Court
Washington, DC 20217

| Joseph Safdieh, Petitioner v. Commissioner of Internal Revenue, Respondent | Docket No. 11680-20L |
|---|---|

## Printable Docket Record

| Name | Counsel |
|---|---|
| Joseph Safdieh | None |

| Respondent Counsel | Respondent Counsel Contact |
|---|---|
| Melissa A. Henkel | melissa.a.henkel@irscounsel.treas.gov<br>202 317 5146 |
| Marc L. Caine | marc.l.caine@irscounsel.treas.gov<br>516-688-1715 |
| Ryan J. Hough | ryan.j.hough@irs.gov<br>516-688-1735 |

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|---|---|---|---|---|---|---|---|
| 1 | 09/14/20 | P | **PETITION FILED by Petr. Joseph Safdieh: FEE PAID** | See Filings and Proceedings | | 10/09/20 | R |
| 2 | 10/09/20 | OF | **ORDER FOR FILING FEE ON 01/07/21.** | | | 10/09/20 | B |
| 3 | 10/09/20 | OROP | **ORDER FOR RATIFICATION OF PETITION BY 01/07/21** | | | 10/09/20 | B |
| 4 | 10/16/20 | O | **ORDER THAT NEW YORK CITY, NY IS DESIGNATED AS PLACE OF TRIAL** | | | 10/16/20 | B |
| 5 | 10/21/20 | RAT | **RATIFICATION OF PETITION by Petr. Joseph** | See Filings and | | 11/03/20 | R |

## A-1

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| | | | **Safdieh** | Proceedings | | | |
| 6 | 11/19/20 | A | **ANSWER by Resp. (C/S 11/19/20) (EXHIBIT)** | See Filings and Proceedings | | | |
| 7 | 02/03/21 | NTD | **Notice of Trial on 05/24/2021 at New York City, New York** | | | 02/03/21 | B |
| 8 | 02/03/21 | SPTO | **Standing Pretrial Order** | | | 02/03/21 | B |
| 9 | 02/05/21 | EA | **Entry of Appearance for Respondent (C/S 02/05/21) (C/S 02/05/21)** | Resp. | | 02/05/21 | B |
| 10 | 02/08/21 | M034 | **Motion for Summary Judgment (C/S 02/08/21) (Objection) (C/S 02/08/21) (Objection)** | Resp. | ORD - 12/05/2024 | 02/08/21 | B |
| 11 | 02/08/21 | DCL | **Declaration of Ryan J. Hough in Support of Motion for Summary Judgment (C/S 02/08/21) (Attachment(s)) (C/S 02/08/21) (Attachment(s))** | Resp. | | 02/08/21 | B |
| 12 | 02/18/21 | O | **Order petr. by 3/16/21 file a response to resp's motion for summary judgment.** | | | 02/18/21 | B |
| 13 | 03/01/21 | M011 | **Motion for Extension of Time to reply to motion for summary judgment** | Petr. Joseph Safdieh | | 03/08/21 | B |
| 14 | 03/10/21 | O | **Order that petitioner's response to motion for summary shall be recharacterized to motion for extension of time to reply to motion for summary judgment.** | | | 03/10/21 | B |

# A-2

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
| 15 | 03/10/21 | OJR | **Order that jurisdiction is retained by Judge Holmes Case is stricken from trial session. Petitioner's motion for extension of time to reply is granted. Petitioner by 6/11/21 file a response to motion for summary judgment.** | | | 03/10/21 | B |
| 16 | 06/01/21 | RSP | **Response to Motion for Summary Judgment** | Petr. Joseph Safdieh | | 06/07/21 | B |
| 17 | 04/16/24 | O | **Order that respondent, by 05/15/2024, shall file a response to this Order.** | | | 04/16/24 | B |
| 18 | 05/01/24 | RM | **Returned Mail of Order served April 16, 2024 to petr. Remailed per chambers on May 3, 2024.** | | | | |
| 19 | 05/13/24 | M011 | **Motion for Extension of Time to File a Response to the Court's Order Dated April 16, 2024 (C/S 05/13/24) (No Objection)** (C/S 05/13/24) (No Objection) | Resp. | ORD - 05/16/2024 | 05/13/24 | B |
| 20 | 05/15/24 | RESP | **Response to Order Dated April 16, 2024 (C/S 05/15/24)** (C/S 05/15/24) | Resp. | | 05/15/24 | B |
| 21 | 05/16/24 | O | **Motion for Extension of Time to File a Response to the Court's Order Dated April 16, 2024 GRANTED - Extended to 06/07/2024** | | | 05/16/24 | B |
| 22 | 05/24/24 | RPT | **Status Report (C/S 05/24/24)** (C/S 05/24/24) | Resp. | | 05/24/24 | B |

**A-3**

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|------------------------|----------|--------|--------|---------|
| 23 | 12/03/24 | NCA | **Notice of Change of Address for Marc L. Caine** | | | 12/03/24 | B |
| 24 | 12/05/24 | OAD | **Order and Decision Entered, Judge Holmes - Respondent's 02/08/2021 Motion for Summary Judgment is denied. The summary judgment in favor of petitioner is granted.** | | | 12/05/24 | B |
| 25 | 01/08/25 | RM | **Returned Mail of OAD entered and served December 5, 2024 by certified mail to petr. Re-mailed by regular mail on January 14, 2025.** | | | | |
| 26 | 02/25/25 | EA | **Entry of Appearance for Respondent (C/S 02/25/25)** (C/S 02/25/25) | Resp. | | 02/25/25 | B |
| 27 | 02/28/25 | NOA | **Notice of Appeal for the 2nd Circuit (C/S 02/28/25) (COA case number 25-501)** (C/S 02/28/25) (COA case number 25-501) | Resp. | | 02/28/25 | B |
| 28 | 02/28/25 | NOT | **Notice of Filing of Notice of Appeal to Court of Appeals** | | | 02/28/25 | B |
| 29 | 03/10/25 | ROA | **Record on Appeal E-filed for the 2nd Circuit** | | | | |

# A-4

Joseph Safdieh

1

RECEIVED
UNITED STATES TAX COURT
INTAKE #4

2020 SEP 14 AM 10: 51

BY: _____ RU _____
DEPUTY CLERK

U.S. TAX COURT
FILED

SEP 14 2020

AB

11680 -20 L

Formal Dispute ① 9/11/20

FROM JOSEPH SAFDIEH
2003 EAst 5th Street
Brooklyn N.Y. 11223

11680 -20 L

**Address Used By Court**

TAxpAYeR ID# ████████ 2832

**Petition for Lien or Levy Action Under Code Section 6320 (c) or 6330 (d)**

ATT: Clerk, United States Tax court
400 Second Street NW
WAshington DC 20217 -

1) Enclosed is A Notice of Determination
concerning collection Actions under IRC
Sections 6320 OR 6330 of IRS code

2) - I am Absolutely objecting to this
ruling Due to the following reasons

Ⓐ For the years in Question All <u>Federal</u>
TAxes were pAid
Ⓑ - There were Net operating losses as well
Ⓒ - As per collection Alternatives requested
there are <u>NONE</u>. Because I dispute the tax
Turn over. ②

No Original Signature

SERVED Oct 09 2020

(2)

D) I totally and un equivocally advised INS representative HEIDi Guillot that I didn't agree with the tax

E) I RAISED the issues OF the incorect Additional IASSESMENt OF the tax years.

E) I'AM in the process OF Filing MY 2015, 2016, 2017, 2018 returns. there is NO tax due and owing, 2019 is ON Extension

G) AS FIAR AS Scheduled HEARINGS + CONFERENCES they were All in the Midst of COVAd-19 I couldn't GET TRIACTION due to access of pertinent DOCUMONTS etc.

H) The MEthod of Notification OF TIAX lein WAS discovered by recieving AN attorney Advertisement. This letter Shall Serve AS A FORMAL dispute. please Contact ME to confirm      Cell # 917-301-2179

A-6

JOSEPH SAFDIEH



**Department of the Treasury**
**Internal Revenue Service**
**Independent Office of Appeals**
1111 Constitution Avenue, NW
Mail Stop: C:AP, Suite 700
Washington, DC 20224-0002

JOSEPH SAFDIEH
2003 E 5TH ST
BROOKLYN, NY 11223-3054

Date:   SEP 0 1 2020

Person to contact:
 Name: Heidi Guillot
 Employee ID Number: 1001237762
 Phone: 202-317-8932
 Fax: 866-334-3949
 Hours: 9:00am - 4:30pm EST
Re:
 Due Process - Lien
Tax periods ended:
 12/2005 12/2006 12/2007 12/2008
 12/2009
Taxpayer ID number:
 ███-2832

**Certified Mail**   7013 1090 0001 0763 3364

# NOTICE OF DETERMINATION
## Concerning Collection Actions under IRC Sections 6320 or 6330 of the Internal Revenue Code

Dear Mr. Safdieh:

We reviewed the completed or proposed collection actions for the tax periods above. This letter is your Notice of Determination, as required by law. We attached a summary of our determination. The attached determination summary shows the matters we considered at your Appeals hearing and our conclusions.

If you want to dispute this determination in court, you must file a petition with the United States Tax Court within 30 days from the date of this letter. To obtain a petition form and the rules for filing a petition, write to:

Clerk, United States Tax Court
400 Second Street NW
Washington, DC 20217

Or you can visit the Tax Court website at **www.ustaxcourt.gov**. Include a copy of this letter with your petition.

The United States Tax Court also has a simplified procedure for an appeal of a collection action if the total unpaid tax, including interest and penalties, for all periods doesn't exceed $50,000. You can obtain information about this simplified procedure by writing to the Tax Court or visiting their website.

The law limits the time for filing your petition to the 30-day period mentioned above. This timeframe is set by law and cannot be extended or suspended, even for reasonable cause. The court cannot consider your case if you file late. This 30-day period is suspended during any time that you're prohibited from petitioning the Tax Court due to the filing of a bankruptcy petition, plus an additional 30 days.

Your petition is timely if the Tax Court receives it within the 30-day period or if it is postmarked by the United States Postal Service within the 30-day period and the envelope containing the petition is properly addressed with the correct postage. The postmark rule doesn't apply if using the mail service of a foreign country. Generally, your petition will be timely if the date marked by a designated private delivery service is within the 30-day period. You can find a list of designated delivery services for domestic and international mailings in Notice 2016-30, which is available on our website at www.irs.gov/pub/irs-drop/n-16-30.pdf. The list of approved delivery companies is subject to change.

A-7

Letter 3193 (Rev. 1-2020)
Catalog Number 27215L

## LEGAL AND ADMINISTRATIVE REVIEW

I, Heidi A Guillot, verified the requirements of any applicable law or administrative procedure were met. IRS records confirmed the proper issuance of the notice and demand, Notice of Intent to Levy and/or Notice of Federal Tax Lien (NFTL) filing, and notice of a right to a Collection Due Process (CDP) hearing.

An assessment was properly made for each tax and period listed on the CDP notice.

Notice and demand for payment was mailed to your last known address.

There was a balance due when the Notice of Intent to Levy was issued or when the NFTL filing was requested.

I had no prior involvement with respect to the specific tax periods either in Appeals or Compliance.

I reviewed the Collection file, IRS records and information you provided. My review confirmed that the IRS followed all legal and procedural requirements, and the actions taken or proposed were appropriate under the circumstances.

## ISSUES YOU RAISED

### Collection Alternatives Requested
You offered no alternatives to collection.

### Challenges to the Liability
You did not dispute your liability.

**You raised no other issues.**

## BALANCING ANALYSIS

Appeals has verified, or received verification, that applicable laws and administrative procedures have been met; has considered the issues raised; and has balanced the proposed collection with the legitimate concern that such action be no more intrusive than necessary by IRC Section 6330(c)(3).

Collection alternatives include full payment, installment agreement and offer in compromise. You have not submitted a collection alternative so far and do not qualify for one as you are not in filing compliance.

Filing the Notice of Federal Tax lien is not intrusive since it is not levy action. It is a public notice to protect the Government's interest.

Appeals determination is to sustain the lien filing action.

## A-8

# Attachment

**JOSEPH SAFDIEH**
**2832**

| Type of Tax(es) | Tax Period(s) | Date of CDP Notice | Type of hearing | Date used to determine timeliness |
|---|---|---|---|---|
| CIVIL PENALTY | 200512 | 10/15/2019 | 6320 | 10/25/2019 |
| CIVIL PENALTY | 200612 | 10/15/2019 | 6320 | 10/25/2019 |
| CIVIL PENALTY | 200712 | 10/15/2019 | 6320 | 10/25/2019 |
| CIVIL PENALTY | 200812 | 10/15/2019 | 6320 | 10/25/2019 |
| CIVIL PENALTY | 200912 | 10/15/2019 | 6320 | 10/25/2019 |

## SUMMARY AND RECOMMENDATION

The IRS filed the Notice of Federal Tax Lien pertaining to the above tax periods. This action gives the taxpayer the right, under Internal Revenue Code Section 6330, to challenge the collection actions under Collection Due Process (CDP).

Since your CDP request was timely, you have the right to petition the Tax Court.

You had a hearing with Appeals to discuss the issues and concerns.

Appeals has determined that the filing of the Notice of Federal Tax Lien (NFTL) was appropriate based on the applicable laws and procedure when filed.

## BRIEF BACKGROUND

The L4837 Conference Letter was mailed to you April 27, 2020, with Publication 4227. The letter scheduled the hearing for May 21, 2020 at 10:00am EST. The letter gave you the option of a face-to-face hearing and you did not request one. The letter advised of where to find information on a Lien Discharge and explained that you must request a collection alternative. The available alternatives were listed with the required financial documents to submit for review. The letter also required you to file Forms 1040 for tax periods 12/2015, 12/2016, 12/2018, 12/2019 in order to qualify for an Installment Agreement or Offer in Compromise.

The hearing was held between you and Appeals Officer (AO) Guillot. You stated that you never received the L3172 Notice of Filing of the Federal Tax Lien but didn't explain how you knew to request an Appeal in a timely manner. You confirmed that the notice was sent to your current address.

It was explained to you that because you are not in filing compliance you do not qualify for lien relief or a collection alternative besides Cannot Pay. You were given repeated opportunities to come into filing compliance and submit the required financials for review of a collection alternative. To date nothing has been received in Appeals or on the system. You requested a call from the Appeals Team Manager but did not return the call when a message was left for you.

A-9

If you don't petition the court within the time provided by law, we'll return your case to the originating IRS office for action consistent with the determination summarized below and described on the attached pages. If you have questions, contact the person at the telephone number listed at the top of this letter.

**Summary of Determination**

The hearing was held between you and Appeals Officer (AO) H. Guillot. You requested discharge of the Federal Tax Lien but were advised you did not qualify. You were given several opportunities to come into filing compliance and did not take them. You did not request a collection alternative to resolve your tax liabilities and without being in filing compliance you don't qualify for an alternative.

Appeals sustains the filing of the Federal Tax Lien.

If you submitted a Form 2848, Power of Attorney and Declaration of Representation, or Form 8821, Tax Information Authorization, we'll send a copy of this letter to the representative.

If you have questions, contact the person listed at the top of this letter.

Sincerely,

*Donald Richardson*

Donald Richardson
Appeals Team Manager

Enclosures:
Decision document

**A-10**

U.S. POSTAGE PAID
PME 1-Day
DEAL, NJ
07723
SEP 11, 20
AMOUNT
**$26.35**
1007    20217    R2305M145619-02

PRESS FIRMLY TO SEAL

# PRIORITY MAIL EXPRESS™

## ★ MAIL ★ EXPRESS™

OUR FASTEST SERVICE IN THE U.S.

## Postmark
## SEP 11 2020

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.



EP13F July 2013   OD: 12.5 x 9.5



---

UNITED STATES POSTAL SERVICE®

PRIORITY MAIL EXPRESS®

11680-20 L

EE 319 018 681 US

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)   PHONE 917 301-2479

Joseph Safdieh
2003 East 5th Street
Brooklyn New York 11223

**DELIVERY OPTIONS (Customer Use Only)**

☑ SIGNATURE REQUIRED *Note:* The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
☐ 10:30 AM Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)    PHONE 202 317-8935

Clerk, United States Tax court
400 second street N.W.
Washington D.
ZIP + 4® (U.S. ADDRESSES ONLY)  2021?

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 Insurance Included.

PEEL FROM THIS CORNER

**PAYMENT BY ACCOUNT (if applicable)**
USPS® Corporate Acct. No. | Federal Agency Acct. No. or Postal Service™ Acct. No.

**ORIGIN (POSTAL SERVICE USE ONLY)**

| | |
|---|---|
| ☐ 1-Day | ☑ 2-Day ☐ Military ☐ DPO |
| PO ZIP Code 20217 | Scheduled Delivery Date (MM/DD/YY) 9/14/20  Postage $ 26.35 |
| Date Accepted (MM/DD/YY) 9/11/20 | Scheduled Delivery Time ☐ 10:30 AM ☐ 3:00 PM ☑ 12 NOON  Insurance Fee $  COD Fee $ |
| Time Accepted 9 ☑ AM ☐ PM | 10:30 AM Delivery Fee $  Return Receipt Fee $  Live Animal Transportation Fee $ |
| Special Handling/Fragile $ | Sunday/Holiday Premium Fee $ |
| Weight ☐ Flat Rate ___ lbs. ___ ozs. | Acceptance Employee Initials  Total Postage & Fees $ 26.35 |

**DELIVERY (POSTAL SERVICE USE ONLY)**

| | | |
|---|---|---|
| Delivery Attempt (MM/DD/YY) | Time | ☐ AM ☐ PM  Employee Signature |
| Delivery Attempt (MM/DD/YY) | Time | ☐ AM ☐ PM  Employee Signature |

LABEL 11-D, JULY 2018    PSN 7690-02-000-9996

---

* Money Back Guarantees to U.S., select APO/FPO/DPO, and select international destinations. See DMM and IMM at po.usps.com for complete details.

† Money Back Guarantees for U.S. destinations only.

A-11

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP13F © U.S. Postal Service; July 2013; All rights reserved.

  

UNITED STATES POSTAL SERVICE.

VISIT US AT USPS.COM

US TAX COURT
RECEIVED

OCT 21 2020

US TAX COURT
FILED

OCT 21 2020

JOSEPH SAFDIEH,

        Petitioner,

PAPER FILED

        v.

Docket No.    11680-20  L

COMMISSIONER OF INTERNAL REVENUE,

        Respondent

# PETITIONER'S RATIFICATION OF PETITION

A-12

SERVED Nov 03 2020

U.S. TAX COURT
RECEIVED

OCT 21 2020

**UNITED STATES TAX COURT**
**Washington, DC 20217**

Joseph Safdieh, )
)
)
Petitioner(s), )
)
v. ) Docket No. 11680-20 L
)
COMMISSIONER OF INTERNAL REVENUE, )
)
Respondent )
)
)

### RATIFICATION OF PETITION

I, (we) have read the petition filed with the Court on September 14, 2020, and do hereby ratify and affirm said document by affixing (my/our) signature(s) hereto.

Signed _____

Signed _____

Date _____10/14/20_____

Docket # 11680-20 L

**A-13**

Joseph Safaieh
2003 East 5th Street
Brooklyn N.Y. 11223

CERTIFIED MAIL

TRENTON NJ 085
14 OCT 2020 PM 4 L

7018 3090 0001 9502 0441



11680-20L

United States Tax Court
400 2ND Street NW
WASHINGTON DC 20078

A-14



**Received**
02/08/21 02:30 pm

11

**Filed**
02/08/21

Joseph Safdieh,

      Petitioner

      v.

Commissioner of Internal Revenue

      Respondent

Electronically Filed
Docket No. 11680-20L

Declaration of Ryan J. Hough in Support of Motion for Summary Judgment

Certificate of Service

**A-15**
**SERVED 02/08/21**

**UNITED STATES TAX COURT**

| | | |
|---|---|---|
| JOSEPH SAFDIEH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) Docket No. 11680-20 L | |
| | ) | |
| COMMISSIONER OF INTERNAL | ) | |
| REVENUE, | ) | |
| | ) Filed Electronically | |
| Respondent. | ) | |

**DECLARATION OF RYAN J. HOUGH**

I, Ryan J. Hough, Attorney of the IRS Office of Chief Counsel located in Westbury, New York, states as follows:

1. I am admitted to practice before the United States Tax Court, and this case has been assigned to me for defense of the Commissioner.

2. I am competent to testify as to the formal matters involved in this case, because the Commissioner's administrative file has come into my custody and control in connection with the defense of this matter.

3. I have reviewed the Commissioner's administrative files and on the basis of my review of the files and pleadings, I have concluded that there remains no genuine issue of material fact for trial.

4. I reached my conclusion relating to tax years 2005 through 2009, which were assigned to Settlement Officer Heidi Guillot, after reviewing the

**A-16**

Docket No. 11680-20 L                    -2-

following documents in the administrative record, true and correct copies of

which are marked as exhibits, and attached to this declaration:

a) **Exhibit A:** Redacted civil penalty account transcripts for tax

periods ending December 31, 2005 through December 31, 2009

for the Joseph Safdieh, showing all associated account

transactions and the balances.

b) **Exhibit B:** Letter 3172 – Notice of Federal Tax Lien Filing and

Your Right to a Hearing Under IRC 6320, dated October 15,

2019.

c) **Exhibit C:** Form 12153, Request for a Collection Due Process or

Equivalent Hearing.

d) **Exhibit D:**  Letter 4837, Appeals Received Your Request for a

Collection Due Process Hearing, dated April 27, 2020.

e) **Exhibit E:** Case Activity Report of Settlement Officer, Heidi

Guillot.

f) **Exhibit F:** The Notice of Determination Concerning Collection

Actions under IRC Sections 6320 or 6330 of the Internal Revenue

Code, dated September 1, 2020.

**A-17**

Docket No. 11680-20 L     -3-

  Pursuant to 28 U.S.C. § 1746, I, Ryan J. Hough, declare under penalty of perjury that the foregoing is true and correct.


Date:_2/8/2021_____  By: _____
             RYAN J. HOUGH
             Attorney (Long Island, Group 2)
             (Small Business/Self-Employed)
             Tax Court Bar No. HR1125
             1600 Stewart Avenue, Suite 601
             Westbury, NY 11590
             Telephone: 516-688-1735
             ryan.j.hough@irscounsel.treas.gov

**A-18**

Case: 25-501, 06/10/2025, DktEntry: 22.1, Page 42 of 145



# Internal Revenue Service
## United States Department of the Treasury

---

This Product Contains Sensitive Taxpayer Data

# Account Transcript

| | |
|---|---|
| Request Date: | 01-11-2021 |
| Response Date: | 01-11-2021 |

FORM NUMBER:     CIVIL PENALTY

TAX PERIOD:      Dec. 31, 2005

TAXPAYER IDENTIFICATION NUMBER:

JOSEPH SAFDIEH

2003 E 5TH ST

BROOKLYN, NY 11223-3054-036

--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE:                              10,080.00

ACCRUED INTEREST:                              1,026.80      AS OF: Jan. 18, 2021

ACCOUNT BALANCE PLUS ACCRUALS
(this is not a payoff amount):                11,106.80

** INFORMATION FROM THE RETURN OR AS ADJUSTED **

---

TRANSACTIONS

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|---|---|---|---|---|
| 240 | Miscellaneous penalty | 20184905 | 12-24-2018 | $10,000.00 |
| n/a | | | | |
| 290 | Additional tax assessed | 20184905 | 12-24-2018 | $0.00 |
| n/a | | | | |
| 971 | Notice issued<br>CP 0015 | | 12-24-2018 | $0.00 |
| 971 | Tax period blocked from automated levy program | | 04-15-2019 | $0.00 |
| 582 | Lien placed on assets due to balance owed | | 10-11-2019 | $0.00 |
| 360 | Fees and other expenses for collection | | 11-04-2019 | $80.00 |
| 971 | Issued notice of lien filing and right to Collection Due Process hearing | | 10-15-2019 | $0.00 |
| 971 | Collection due process request received timely | | 10-25-2019 | $0.00 |
| 520 | Bankruptcy or other legal action filed | | 10-25-2019 | $0.00 |

This Product Contains Sensitive Taxpayer Data

1/11/2021



# Internal Revenue Service
### United States Department of the Treasury

This Product Contains Sensitive Taxpayer Data

# Account Transcript

| | | |
|---|---|---|
| Request Date: | 01-11-2021 |
| Response Date: | 01-11-2021 |

FORM NUMBER:    CIVIL PENALTY

TAX PERIOD:    Dec. 31, 2006

TAXPAYER IDENTIFICATION NUMBER:

JOSEPH SAFDIEH

2003 E 5TH ST

BROOKLYN, NY 11223-3054-036

--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE:    10,000.00

ACCRUED INTEREST:    1,022.76    AS OF: Jan. 18, 2021

ACCOUNT BALANCE PLUS ACCRUALS
(this is not a payoff amount):    11,022.76

** INFORMATION FROM THE RETURN OR AS ADJUSTED **

### TRANSACTIONS

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|---|---|---|---|---|
| 240 | Miscellaneous penalty | 20184905 | 12-24-2018 | $10,000.00 |
| n/a | | | | |
| 290 | Additional tax assessed | 20184905 | 12-24-2018 | $0.00 |
| n/a | | | | |
| 971 | Notice issued CP 0015 | | 12-24-2018 | $0.00 |
| 971 | Tax period blocked from automated levy program | | 04-15-2019 | $0.00 |
| 582 | Lien placed on assets due to balance owed | | 10-11-2019 | $0.00 |
| 971 | Issued notice of lien filing and right to Collection Due Process hearing | | 10-15-2019 | $0.00 |
| 971 | Collection due process request received timely | | 10-25-2019 | $0.00 |
| 520 | Bankruptcy or other legal action filed | | 10-25-2019 | $0.00 |

1/2

This Product Contains Sensitive Taxpayer Data

A-22

This Product Contains Sensitive Taxpayer Data

Docket No. 11680-20 L, Exhibit A, Page 4 of 10    **A-22**

Case: 25-501, 06/10/2025, DktEntry: 22.1, Page 525 of 145


# Internal Revenue Service
### United States Department of the Treasury

| This Product Contains Sensitive Taxpayer Data |
| --- |

# Account Transcript

| | | |
| --- | --- | --- |
| Request Date: | 01-11-2021 |
| Response Date: | 01-11-2021 |

FORM NUMBER:    CIVIL PENALTY

TAX PERIOD:    Dec. 31, 2007

TAXPAYER IDENTIFICATION NUMBER:

JOSEPH SAFDIEH

2003 E 5TH ST

BROOKLYN, NY 11223-3054-036

--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE:    10,000.00

ACCRUED INTEREST:    1,022.76    AS OF: Jan. 18, 2021

ACCOUNT BALANCE PLUS ACCRUALS
(this is not a payoff amount):    11,022.76

** INFORMATION FROM THE RETURN OR AS ADJUSTED **

| TRANSACTIONS |
| --- |

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
| --- | --- | --- | --- | --- |
| 240 | Miscellaneous penalty | 20184905 | 12-24-2018 | $10,000.00 |
| n/a | | | | |
| 290 | Additional tax assessed | 20184905 | 12-24-2018 | $0.00 |
| n/a | | | | |
| 971 | Notice issued CP 0015 | | 12-24-2018 | $0.00 |
| 971 | Tax period blocked from automated levy program | | 04-15-2019 | $0.00 |
| 582 | Lien placed on assets due to balance owed | | 10-11-2019 | $0.00 |
| 971 | Issued notice of lien filing and right to Collection Due Process hearing | | 10-15-2019 | $0.00 |
| 971 | Collection due process request received timely | | 10-25-2019 | $0.00 |
| 520 | Bankruptcy or other legal action filed | | 10-25-2019 | $0.00 |

Docket No. 11680-20 L, Exhibit A, Page 5 of 10

**A-23**

This Product Contains Sensitive Taxpayer Data

2/2

This Product Contains Sensitive Taxpayer Data



# Internal Revenue Service
## United States Department of the Treasury

This Product Contains Sensitive Taxpayer Data

# Account Transcript

|                    |            |
|--------------------|------------|
| Request Date:      | 01-11-2021 |
| Response Date:     | 01-11-2021 |

FORM NUMBER:     CIVIL PENALTY

TAX PERIOD:      Dec. 31, 2008

TAXPAYER IDENTIFICATION NUMBER:

JOSEPH SAFDIEH

2003 E 5TH ST

BROOKLYN, NY 11223-3054-036


--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE:                          10,000.00

ACCRUED INTEREST:                          1,022.76     AS OF: Jan. 18, 2021


ACCOUNT BALANCE PLUS ACCRUALS
(this is not a payoff amount):            11,022.76


** INFORMATION FROM THE RETURN OR AS ADJUSTED **

| | TRANSACTIONS | | | |
|---|---|---|---|---|
| **CODE** | **EXPLANATION OF TRANSACTION** | **CYCLE** | **DATE** | **AMOUNT** |
| 240 | Miscellaneous penalty | 20184905 | 12-24-2018 | $10,000.00 |
| n/a | | | | |
| 290 | Additional tax assessed | 20184905 | 12-24-2018 | $0.00 |
| n/a | | | | |
| 971 | Notice issued CP 0015 | | 12-24-2018 | $0.00 |
| 971 | Tax period blocked from automated levy program | | 04-15-2019 | $0.00 |
| 582 | Lien placed on assets due to balance owed | | 10-11-2019 | $0.00 |
| 971 | Issued notice of lien filing and right to Collection Due Process hearing | | 10-15-2019 | $0.00 |
| 971 | Collection due process request received timely | | 10-25-2019 | $0.00 |
| 520 | Bankruptcy or other legal action filed | | 10-25-2019 | $0.00 |

This Product Contains Sensitive Taxpayer Data

A-26

This Product Contains Sensitive Taxpayer Data

Docket No. 11680-20 L, Exhibit A, Page 8 of 10    **A-26**



## Internal Revenue Service
### United States Department of the Treasury

This Product Contains Sensitive Taxpayer Data

# Account Transcript

| | | |
|---|---|---|
| Request Date: | 01-11-2021 |
| Response Date: | 01-11-2021 |

FORM NUMBER:     CIVIL PENALTY

TAX PERIOD:      Dec. 31, 2009

TAXPAYER IDENTIFICATION NUMBER:

JOSEPH SAFDIEH

2003 E 5TH ST

BROOKLYN, NY 11223-3054-036

--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE:                    10,000.00

ACCRUED INTEREST:                    1,022.76      AS OF: Jan. 18, 2021

ACCOUNT BALANCE PLUS ACCRUALS
(this is not a payoff amount):      11,022.76

** INFORMATION FROM THE RETURN OR AS ADJUSTED **

| TRANSACTIONS |
|---|

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|---|---|---|---|---|
| 240 | Miscellaneous penalty | 20184905 | 12-24-2018 | $10,000.00 |
| n/a | | | | |
| 290 | Additional tax assessed | 20184905 | 12-24-2018 | $0.00 |
| n/a | | | | |
| 971 | Notice issued CP 0015 | | 12-24-2018 | $0.00 |
| 971 | Tax period blocked from automated levy program | | 04-15-2019 | $0.00 |
| 582 | Lien placed on assets due to balance owed | | 10-11-2019 | $0.00 |
| 971 | Issued notice of lien filing and right to Collection Due Process hearing | | 10-15-2019 | $0.00 |
| 971 | Collection due process request received timely | | 10-25-2019 | $0.00 |
| 520 | Bankruptcy or other legal action filed | | 10-25-2019 | $0.00 |

This Product Contains Sensitive Taxpayer Data

This Product Contains Sensitive Taxpayer Data

**IRS** Department of the Treasury
Internal Revenue Service

CCP-LU ACS CORRESPONDENCE
P.O. BOX 145566, STOP 813G CSC
CINCINNATI, OH 45250-5566

**CERTIFIED MAIL**

9307110756606129758375

Letter Date: 10/15/2019
Taxpayer Identification Number:

■■■■■■■■■

Person to Contact:
S. MCGUIGAN

Contact Telephone Number:
(800) 829-3903

Employee Identification Number:
21-08BR00

RECEIVED

OCT 25 2019

IRS-PHILA, PA
2511

JOSEPH SAFDIEH
2003 E 5TH ST
BROOKLYN, NY 11223-3054

003399

## Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320

Dear JOSEPH SAFDIEH

We filed a Notice of Federal Tax Lien on 10/16/2019 .

| Type of Tax | Tax Period | Assessment Date | Amount on Lien |
|---|---|---|---|
| CIVP | 12/31/2005 | 12/24/2018 | 10000.00 |
| CIVP | 12/31/2006 | 12/24/2018 | 10000.00 |
| CIVP | 12/31/2007 | 12/24/2018 | 10000.00 |
| CIVP | 12/31/2008 | 12/24/2018 | 10000.00 |
| CIVP | 12/31/2009 | 12/24/2018 | 10000.00 |

NOTE: Please contact the person whose name and telephone number appears on this notice to obtain the current amount you owe. Additional interest and penalties may be increasing the amount on the lien shown above.

A lien attaches to all property you currently own and to all property you may acquire in the future. It also may damage your credit rating and hinder your ability to obtain additional credit.

You have the right to a hearing with us to appeal this collection action and to discuss your payment method options. To explain the different collection appeal procedures available to you, we have enclosed Publication 1660, Collection Appeal Rights.

You must request your hearing by 11/22/2019 . Please complete the enclosed Form 12153, *Request for a Collection Due Process or Equivalent Hearing,* and mail it to:

Internal Revenue Service
IRS-ACS/CDP
P.O. BOX 42346
PHILADELPHIA, PA 19101-2346

**A-29**

Docket No. 11680-20 L, Exhibit B, Page 1 of 4

Letter 3172 (DO) rev. (3-2009)
Catalog No. 267671

### Denial or revocation of United States passport

On December 4, 2015, as part of the Fixing America's Surface Transportation (FAST) Act, Congress enacted section 7345 of the Internal Revenue code, which requires the Internal Revenue Service to notify the State Department of taxpayers certified as owing a seriously delinquent tax debt. The FAST Act generally prohibits the State Department from issuing or renewing a passport to a taxpayer with seriously delinquent tax debt.

Seriously delinquent tax debt means an unpaid, legally enforceable federal tax debt of an individual totaling more than $50,000 for which, a Notice of Federal Tax lien has been filed and all administrative remedies under IRC § 6320 have lapsed or been exhausted, or a levy has been issued. If you are individually liable for tax debt (including penalties and interest) totaling more than $50,000 and you do not pay the amount you owe or make alternate arrangements to pay, or request a Collection Due Process hearing by 11/22/2019, we may notify the State Department that your tax debt is seriously delinquent. The State Department generally will not issue or renew a passport to you after we make this notification. If you currently have a valid passport, the State Department may revoke your passport or limit your ability to travel outside the United States. Additional information on passport certification is available at www.irs.gov/passports.

We will issue a Form 668(Z), *Certificate of Release of Notice of Federal Tax Lien* within 30 days:
- After you pay the full amount of your debt;
- We accept a bond guaranteeing payment of the amount owed; or
- A decision is made to adjust your account (i.e., during an Appeals hearing).

We have enclosed Publication 1450, *Instructions on How to Request a Certificate of Release of Federal Tax Lien.*

If you have any questions, please contact the person whose name and telephone number appear at the top of this letter.

Sincerely,

*Jean Flach*

Director, Specialty Collections

Enclosures:
Publication 594, *The Collection Process*
Publication 1450, *Instructions on Requesting a Certificate of Release of Federal Tax Lien*
Publication 1660, *Collection Appeal Rights*
Form 668 (Y) (C), *Notice of Federal Tax Lien*
Form 12153, *Request for a Collection Due Process Hearing*

A-30

Letter 3172 (DO) rev. (09-2016)
Catalog No. 267671

Form 668 (Y)(c)
(Rev. February 2004)

**1872**

Department of the Treasury - Internal Revenue Service

## Notice of Federal Tax Lien

**Area:**
SMALL BUSINESS/SELF EMPLOYED AREA #1
(800) 829-3903

**Serial Number**

**For Optional Use by Recording Office**

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

- This Notice of Federal Tax Lien has been filed as a matter of public record.
- IRS will continue to charge penalty and interest until you satisfy the amount you owe.
- Contact the Area Office Collection Function for information on the amount you must pay before we can release this lien.
- See the back of this page for an explanation of your Administrative Appeal rights.

**Name of Taxpayer** JOSEPH SAFDIEH

003399

**Residence**
2003 E 5TH ST
BROOKLYN, NY 11223-3054

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| CIVP | 12/31/2005 | ■ | 12/24/2018 | 01/23/2029 | 10000.00 |
| CIVP | 12/31/2006 | | 12/24/2018 | 01/23/2029 | 10000.00 |
| CIVP | 12/31/2007 | | 12/24/2018 | 01/23/2029 | 10000.00 |
| CIVP | 12/31/2008 | | 12/24/2018 | 01/23/2029 | 10000.00 |
| CIVP | 12/31/2009 | | 12/24/2018 | 01/23/2029 | 10000.00 |

**Place of Filing**

Register's Office
Kings County
Brooklyn, NY 11201

Total | 50000.00

This notice was prepared and signed at _____ MANHATTAN, NY _____, on this,

the **03rd** day of **October**, **2019**.

**Signature**
_Geo. Flash_
for S. MCGUIGAN

**Title**
ACS SBSE
(800) 829-3903  **A-31**

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax Lien)
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 3 - Taxpayer's Copy

CAT. NO 60025X
668 (Y)(c) (Rev. 02-04)

## Lien

This Notice of Federal Tax Lien gives public notice that the government has a lien on all your property (such as your house or car), all your rights to property (such as money owed to you) and to property you acquire after this lien is filed.

### Your Administrative Appeal Rights

If you believe the IRS filed this Notice of Federal Tax Lien in error, you may appeal if any of the following conditions apply:

- You had paid all tax, penalty and interest before the lien was filed;

- IRS assessed tax after the date you filed a petition for bankruptcy;

- IRS mailed your notice of deficiency to the wrong address;

  You have already filed a timely petition with the Tax Court;

  The statute of limitations for collection ended before IRS filed the notice of lien.

### Your appeal request must be in writing and contain the following:

- Your name, current address and SSN/EIN;

- Copy of this notice of lien, if available;

- The specific reason(s) why you think the IRS is in error;

- Proof that you paid the amount due (such as cancelled check);

- Proof that you filed a bankruptcy petition before this lien was filed.

Send your written request to the IRS, Attention: Technical Services Group Manager, in the office where this notice of lien was filed.

### When This Lien Can Be Released

The IRS will issue a Certificate of Release of Federal Tax Lien within 30 days after:

- You pay the tax due, including penalties, interest, and any other additions under law, or IRS adjusts the amount due, or;

- The end of the time period during which we can collect the tax (usually 10 years).

Publication 1450, Request for Release of Federal Tax Lien, available at IRS offices, describes this process.

### When a Lien against Property can be Removed

The IRS may remove the lien from a specific piece of property if any of the following conditions apply:

- You have other property subject to this lien that is worth at least two times the total of the tax you owe, including penalties and interest, plus the amount of any other debts you owe on the property (such as a mortgage);

- You give up ownership in the property and IRS receives the value of the government's interest in the property;

- IRS decides the government's interest in the property has no value when you give up ownership;

- The property in question is being sold; there is a dispute about who is entitled to the sale proceeds; and the proceeds are placed in escrow while the dispute is being resolved.

Publication 783, Instructions on How to Apply for a Certificate of Discharge of Property from a Federal Tax Lien, available at IRS offices, describes this process.

## Gravamen

Este Aviso de Gravamen del Impuesto Federal da aviso público que el gobierno tiene un gravamen en todas sus propiedades (tal como su casa o carro), todos sus derechos a propiedad (tales como el dinero que le adeudan a usted) y la propiedad que adquiera después que se presentó éste gravamen.

### Sus Derechos de Apelación Administrativos

Si usted cree que el IRS presentó éste Aviso de Gravamen del Impuesto Federal por error, usted puede apelar si cualquiera de las siguientes condiciones le aplican:

- Usted pagó todo el impuesto, multa, interés antes de que el gravamen fuera presentado;

- El IRS tasó el impuesto después del la fecha en que usted presentó una petición de quiebra;

- El IRS le envió por correo el aviso de deficiencia a una dirección incorrecta;

- Usted presentó a tiempo una petición ante la Corte de Impuesto;

- El IRS no presentó el aviso de gravamen dentro del término prescriptivo.

### Su petición de apelación tiene que estar por escrito y debe incluir lo siguiente:

- Su nombre, dirección actual y SSN/EIN;

- Una copia de este aviso de gravamen, si está disponible;

- La razón (o razones) especifica(s) por qué piensa que el IRS está erróneo;

- Prueba que pagó la cantidad adeudada (tal como un cheque cancelado);

- Prueba que presentó una petición de quiebra antes de que se presentara el gravamen.

Envíe su petición por escrito al IRS, Atención: "Technical Services Group Manager" (Grupo de Gerente-Servicios Técnicos) en la oficina dónde este aviso de gravamen fue presentado.

### Cuándo Este Gravamen Se Puede Cancelar

El IRS emitirá un Certificado de Cancelación de Gravamen del Impuesto Federal dentro de 30 días después que:

- Usted paga el impuesto adeudado, incluyendo multas, intereses, y otras sumas adicionales según la ley, o el IRS ajusta la cantidad adeudada, o;

- Aceptemos una fianza garantizando el pago de su deuda;

- La expiración del término en que podemos cobrar el impuesto (usualmente 10 años).

La Publicación 1450, en inglés, "Petición Para Cancelar el Gravamen del Impuesto Federal", describe este proceso y está disponible en las oficinas del IRS.

### Cuándo un Gravamen en Contra de la Propiedad Puede Eliminarse

El IRS puede eliminar el gravamen de una propiedad especifica si cualquiera de las siguientes condiciones aplica:

- Usted tiene otra propiedad sujeta a este gravamen cuyo valor es por lo menos dos veces el total del impuesto que usted adeuda, incluyendo intereses y multas, más la cantidad de cualquiera de las otras deudas que adeuda sobre la propiedad (tal como una hipoteca);

- Usted cede su interés en la propiedad y el IRS recibe el valor del interés del gobierno en la propiedad;

- El IRS decide que el interés del gobierno en la propiedad no tiene valor alguno cuando usted cedió su interés en la propiedad;

- La propiedad gravada será vendida; existe una controversia sobre quién tiene derecho al producto de la venta; y se depositan los fondos recibidos en la venta en una cuenta especial en lo que se resuelve la controversia.

La Publicación 783 en inglés, "Instrucciones de Cómo Solicitar un Certificado de Relevo de la Propiedad de un Gravamen del Impuesto Federal", describe éste proceso y está disponible en las oficinas del IRS.

## Form 12153
(Rev. 12-2013)

# Request for a Collection Due Process or Equivalent Hearing

Use this form to request a Collection Due Process (CDP) or equivalent hearing with the IRS Office of Appeals if you have been issued one of the following lien or levy notices:

- Notice of Federal Tax Lien Filing and Your Right to a Hearing under IRC 6320,
- Notice of Intent to Levy and Notice of Your Right to a Hearing,
- Notice of Jeopardy Levy and Right of Appeal,
- Notice of Levy on Your State Tax Refund,
- Notice of Levy and Notice of Your Right to a Hearing.

**Received**

OCT 2 5 2019

IRS - PHILA, PA.
2511

Received OCT 3 0 2019

ACS Support Clerical

**Complete this form and send it to the address shown on your lien or levy notice. Include a copy** of your lien or levy notice to ensure proper handling of your request.

Call the phone number on the notice or 1-800-829-1040 if you are not sure about the correct address or if you want to fax your request.

| 1. Taxpayer Name: (Taxpayer 1) | JOSEPH- SAFDIEH | | OCT 3 0 2019 |
|---|---|---|---|
| Taxpayer Identification Number | ▮▮▮▮▮▮▮ | | **PIRSC** |
| Current Address | 2003 EAST 5TH Street | | Collection Due Process |
| City Brooklyn | | State NY | Zip Code 11223 |

| 2. Telephone Number and Best Time to Call During Normal Business Hours | Home ( ) - | ☐ am. ☐ pm. |
|---|---|---|
| | Work ( ) - | ☐ am. ☐ pm. |
| | Cell (917) 301 - 2179 | ☐ am. ☑ pm. |

| 3. Taxpayer Name: (Taxpayer 2) | |
|---|---|
| Taxpayer Identification Number | |
| Current Address (If Different from Address Above) City | State Zip Code |

| 4. Telephone Number and Best Time to Call During Normal Business Hours | Home ( ) - | ☐ am. ☐ pm. |
|---|---|---|
| | Work ( ) - | ☐ am. ☐ pm. |
| | Cell ( ) - | ☐ am. ☐ pm. |

5. Tax Information as Shown on the Lien or Levy Notice (*If possible, attach a copy of the notice*)

| Type of Tax (Income, Employment, Excise, etc. or Civil Penalty) | Tax Form Number (1040, 941, 720, etc) | Tax Period or Periods |
|---|---|---|
| Civil Penalty | None of Above | 12/31/2005 12/31/2006 12/31/2007 |
| | A-33 | 12/31/2008 12/31/2009 |

Form **12153** (Rev. 12-2013)     Catalog Number 26685D     www.irs.gov     Department of the Treasury - **Internal Revenue Service**

| Form **12153**<br>(Rev. 12-2013) | **Request for a Collection Due Process or Equivalent Hearing** |
|---|---|

**6. Basis for Hearing Request** (Both boxes can be checked if you have received both a lien and levy notice)

☑ Filed Notice of Federal Tax Lien     ☐ Proposed Levy or Actual Levy

**7. Equivalent Hearing** (See the instructions for more information on Equivalent Hearings)

☐ I would like an Equivalent Hearing - I would like a hearing equivalent to a CDP Hearing if my request for a CDP hearing does not meet the requirements for a timely CDP Hearing.

**8.** Check the most appropriate box for the reason you disagree with the filing of the lien or the levy. **See page 4 of this form for examples.** You can add more pages if you don't have enough space. If, during your CDP Hearing, you think you would like to discuss a Collection Alternative to the action proposed by the Collection function it is recommended you submit a completed Form 433A (Individual) and/or Form 433B (Business), as appropriate, with this form. See www.irs.gov for copies of the forms. Generally, the Office of Appeals will ask the Collection Function to review, verify and provide their opinion on any new information you submit. We will share their comments with you and give you the opportunity to respond.

Collection Alternative     ☐ Installment Agreement     ☐ Offer in Compromise     ☐ I Cannot Pay Balance

Lien     ☐ Subordination     ☑ Discharge     ☐ Withdrawal

Please explain:     Attached.

My Spouse Is Responsible     ☐ Innocent Spouse Relief (Please attach Form 8857, *Request for Innocent Spouse Relief,* to your request.)

Other (*For examples, see page 4*) ☐

Reason (*You must provide a reason for the dispute or your request for a CDP hearing will not be honored. Use as much space as you need to explain the reason for your request. Attach extra pages if necessary.*):

**9. Signatures**     I understand the CDP hearing and any subsequent judicial review will suspend the statutory period of limitations for collection action. I also understand my representative or I must sign and date this request before the IRS Office of Appeals can accept it. If you are signing as an officer of a company add your title (*president, secretary, etc.*) behind your signature.

**SIGN HERE**     Taxpayer 1's Signature     Date 10/23/19

Taxpayer 2's Signature (*if a joint request, both must sign*)     Date

☐ I request my CDP hearing be held with my authorized representative (*attach a copy of Form 2848*)

| Authorized Representative's Signature | Authorized Representative's Name | Telephone Number |
|---|---|---|
| | | |

| IRS Employee (Print) | Employee Telephone Number | IRS Received Date |
|---|---|---|
| | | |

Docket 11680-20 L, Exhibit C, Page 2 of 4     **A-34**

Form **12153** (Rev. 12-2013)     Catalog Number 26685D     www.irs.gov     Department of the Treasury - **Internal Revenue Service**

①                                                  10/23/19

JOSEPH- SAFDIEH

2003 East 5th Street

Brooklyn N.Y. 11223
TEL# (917)-301-2179

To whom it may concern,

I herebye request this lein be
discharged, BASED ON the Following:

① when Agent sent penalties For Not
responding on time the $10,000 Per year
For 5 years, I Needed to retain
counsel, which I did

② I Never Saw the registered mail
that was Sent March of 2019 that
stated A lein would be placed
Please turn over

Docket 11680-20 L, Exhibit C, Page 3 of 4     **A-35**

②

③ I don't Agree with these civil penalties for not responding on time These are very punitive

④ I definitely want AN Appeal to discharge penalties + Nullify TAX lein.

⑤ My tax Attorney is

Michael Sardar-
Telephone# (212) 808-8100
Telephone# (917) 749-3974

Thankyou + please confirm
Kindly I REMAIN

10/23/19

Joseph Safdieh

**Department of the Treasury**
**Internal Revenue Service**
**IRS** **Independent Office of Appeals**
1111 Constitution Avenue, NW
Mail Stop: C:AP, Suite 700
Washington, DC 20224-0002

**Date:**
04/27/2020
**Person to contact:**
Name: Heidi A Guillot
Employee ID Number: 1001237762
Phone: 202-317-8932
Fax: 866-334-3949
Hours: 9:00am - 4:30pm EST
**Re:**
Due Process - Lien
**Tax periods ended:**
12/2005 12/2006 12/2007 12/2008
12/2009
**Conference information:**
Date: May 21, 2020
Time: 10:00am EST
Via telephone:
Call: 202-317-8932

JOSEPH SAFDIEH
2003 E 5TH ST
BROOKLYN, NY 11223-3054

### Appeals Received Your Request for a Collection Due Process Hearing

Dear Mr. Safdieh:

We received your request for a Collection Due Process (CDP) in our Washington Appeals office. If the conference time above isn't convenient for you, or you'd prefer another type of conference (telephone, correspondence, or in-person), call or write me within 14 days from the date of this letter.

You made your request for a lien hearing regarding the Notice of Federal Tax Lien on time. For the tax periods above, we've suspended the legal periods for collection from the date you sent your request until Appeals' decision becomes final. Under certain circumstances, the Collection division may take levy action for the periods shown above, to protect the government's interest. Depending on the circumstances, you may be able to request a second CDP hearing, or request a hearing under the Collection Appeals Program after trying to resolve your disagreement with a Collection manager. Refer to Publication 1660, Collection Appeal Rights, for further information. You can get tax forms, instructions, and publications by visiting www.irs.gov/forms-pubs or by calling 800-TAX-FORM (800-829-3676).

This will be your opportunity to discuss the reasons you disagree with the collection action or to discuss alternatives to the collection action. Our office is separate from, and independent of, the IRS office taking the collection action. We review and resolve disputes in a fair and impartial manner by weighing the facts according to the law and to judicial decisions.

Before the hearing, we strongly urge you to read Publication 4227, Overview of the Appeals Process, which includes details about the Appeals process and your right to representation. You can find the brochure at https://www.irs.gov/pub/irs-pdf/p4227.pdf. If you'd like a printed copy of this brochure, contact me at the telephone number at the top of this letter and I'll mail a copy.

Please note that while you are working with Appeals and until you pay your tax liability in full, interest will continue to be added on any balance due, including prior accruals of penalty and interest. *Also, even a timely request for a CDP hearing may not prohibit the IRS from taking levy actions.*

During the hearing, I must consider:
- Whether the IRS met all the requirements of any applicable law or administrative procedure

**A-37**

**Letter 4837 (Rev. 12-2019)**
Catalog Number 58666E

- Any relevant issues you wish to discuss. These can include:

  1. Collection alternatives to levy, such as full payment of the liability, an installment agreement, or an offer in compromise. Although these collection options may not necessarily be considered an "alternative" to a notice of lien filing, they may be discussed at a lien hearing.

  2. Challenges to the appropriateness of collection action. If this is a lien hearing, you may ask us to determine if the notice of lien filing was appropriate and if you qualify for a notice of lien withdrawal or other lien options.

  3. Spousal defenses, when applicable.

- Whether you are liable for the amount due, but only if you didn't receive a Statutory Notice of Deficiency or have not otherwise had an opportunity to dispute your liability with Appeals.

I will balance the IRS's need for efficient tax collection and your legitimate concern the collection action be no more intrusive than necessary.

You're entitled to have your conference with an Appeals employee who has had no prior involvement with the tax periods at issue (other than a prior CDP Hearing), either in Appeals or in the Compliance (Collection or Examination) division. I don't recall any previous involvement with these tax periods; however, if you believe I've had previous involvement, please notify me immediately to discuss. If I've been involved but you still want me to conduct your hearing, you may waive your right to have another Appeals employee consider your case.

We may ask the IRS Collection function to review, verify, and provide their opinion on any new information you submit. You'll receive a copy of any comments and have an opportunity to respond.

For me to consider an alternative collection method such as an installment agreement or offer in compromise, you must provide the items checked below.

- Signed tax returns for the following tax periods. Our records show they have not been filed:

Type of tax: Form 1040             Tax periods: 12/2015, 12/2016, 12/2017, 12/2018, 12/2019

If you didn't file a return because your yearly income was below the amount for which a return is required to be filed, please let me know.

- Proof you paid your estimated tax payments in full for the year to date. If you have not made your estimated tax payments in full for the year to date, the IRS may approve your request for an installment agreement if you make the commitment to full pay these estimated taxes by the due date of the current year's tax return. However, we won't accept an offer in compromise unless you pay your estimated tax payments in full.

- Other:

  On your hearing request, you asked for consideration of a lien discharge. See Publication 783 and submit a completed Form 14135 if you determine discharge fits your circumstances.

  You have not requested a collection alternative, but one is required for a CDP Hearing. You need to provide additional information for the alternative you wish as follows:

  Installment Agreement: File all delinquent returns listed above. Provide Form 433-A/B with all supporting documentation. You must specify a monthly payment amount.

  Offer in Compromise: File all delinquent returns listed above. Prepare Form 656-B which includes Form 656, Form 433-A (OIC), Form 433-B (OIC). Send these forms along with the fee and the required Tax Increase Prevention and Reconciliation Act of 2005 (TIPRA) payment as directed in the instructions in the booklet. Send a copy of the entire offer package including copies of checks to me.

Docket No. 11680-20 L, Exhibit D, Page 2 of 3

A-38 Letter 4837 (Rev. 12-2019)

Catalog Number 58666E

Send the items listed above within 14 days from the date of this letter. Send tax returns to me within 21 days from the date of this letter. I can't consider collection alternatives without the information requested.

Due to the current COVID-19 guidance, you are not required to file your return unbil 7-15-2020.

At the end of the hearing process, we'll issue a determination letter for your timely-filed CDP hearing request. If you don't agree with our determination, you can appeal the case to the United States Tax Court.

At the end of the hearing process, an authorized vendor may contact you to complete a customer satisfaction survey. Your participation is voluntary and the survey won't ask for personal or financial information. If you'd like to verify the survey and vendor, you can visit the IRS customer satisfaction Survey page at www.irs.gov/uac/customer-satisfaction-surveys.

If you don't participate in a conference or respond to this letter, we'll base the determination or decision letter on your CDP request, any information you previously provided to this office, and any information we have on file regarding the applicable tax periods.

If you have questions or concerns about this letter or the CDP procedures, contact me at the telephone number at the top of this letter.

Sincerely,

Heidi A Guillot
Appeals Officer

Enclosures: Publications 4227, 4167



www.irs.gov/appeals

**A-39**

Docket No. 11680-20 L, Exhibit D, Page 3 of 3

**Letter 4837 (Rev. 12-2019)**
Catalog Number 58666E

## Case Activity Record Print



| | | | | | | |
|---|---|---|---|---|---|---|
| TP | SAFDIEH, JOSEPH<br>2003 E 5TH ST | WUNO ▮ | SourceSC | DO | Part 1 |
| | | TIN ▮ | Group | AO Guillot, Heidi A | |
| | | MFT 55 | Type DPLN | Assigned 03/09/2020 | |
| | BROOKLYN, NY 11223-3054 | Features | | Requested 10/25/2019 | |
| DKTNO | DC Office | Attorney | | Received 02/21/2020 | |
| KEYTP | | KEYTIN | | Created 02/25/2020 | |
| TP PHONE | 917-301-2179 | | | KEYPER 200512 | |
| REP | | REP PHONE 212-714-0462 | | | |

Case Activity Records
Total Time: 5.75

| Date | Action | Follow-Up/<br>Hours Completed | Notes |
|---|---|---|---|
| 03/09/2020 | CR - NR | 0.00 | [SYSTEM]<br>Case received. |
| 03/10/2020 | ** - EC | 0.00 | [SYSTEM]<br>eCase found new ACS information for this case. |
| 04/10/2020 | VA | 0.00 | [Munz, Jessica A (12096)]<br>TPName: SAFDIEH, JOSEPH TIN: ▮ MFT: 55 Tax Period: 200612N<br>STATDATE: 'Blank'  STATCODE: 'SUSP' Tax Period: 200712N<br>STATDATE: 'Blank'  STATCODE: 'SUSP' Tax Period: 200812N<br>STATDATE: 'Blank'  STATCODE: 'SUSP' Tax Period: 200512N<br>STATDATE: 'Blank'  STATCODE: 'SUSP' Tax Period: 200912N<br>STATDATE: 'Blank'  STATCODE: 'SUSP' |
| 04/10/2020 | NP | 0.00 | [Munz, Jessica A (12096)]<br>In accordance with RRA 98, I confirm I have had no prior involvement with this taxpayer in either Appeals or any other IRS function for the types of taxes and tax years associated with this CDP case. |
| 04/10/2020 | AN | 0.50 | [Munz, Jessica A (12096)]<br>Statute review completed.<br><br>Letter 3172 dated 10/15/2019 states taxpayer has till 11/22/2019 to request a hearing. Form 12153 received 10/25/2019; using the received date of 10/25/2019 the request is timely. Verified TC 520 input with correct date 10/25/2019, correct closing code of 76, and no CSED indicator required for MFT 55 on 55-200512, 55-200612, 55-200712, 55-200812, and 55-200912. The collection statutes have been suspended on 55-200512, 55-200612, 55-200712, 55-200812, and 55-200912. The case summary card shows statutes have been suspended.<br><br>POA on file for only 30-201012 & 30-201112.<br><br>Form 12153 signed by taxpayer, checked filed NFTL, and discharge.<br>Form 12153 mailed on 10/23/2019 to the correct address as provided on letter 3172 and was received on 10/25/2019 in ACS.<br><br>There are balances on 55-200512, 55-200612, 55-200712, 55-200812, and 55-200912. |
| 04/22/2020 | CR - RA | 0.00 | [SYSTEM] |
| 04/23/2020 | CR - RA | 0.00 | [SYSTEM] |
| 04/24/2020 | CR - RA | 0.00 | [SYSTEM] |
| 04/27/2020 | VA | 0.00 | [Guillot, Heidi A (11622)]<br>TPName: SAFDIEH, JOSEPH ▮ T: 55 Tax Period: 200612N<br>STATDATE: 'Blank'  STATCODE: 'SUSP' Tax Period: 200712N<br>STATDATE: 'Blank'  STATCODE: 'SUSP' Tax Period: 200812N<br>STATDATE: 'Blank'  STATCODE: 'SUSP' Tax Period: 200512N<br>STATDATE: 'Blank'  STATCODE: 'SUSP' Tax Period: 200912N<br>STATDATE: 'Blank'  STATCODE: 'SUSP' |

**A-40**

| | | |
|---|---|---|
| 04/27/2020 NP | 0.00 | [Guillot, Heidi A (11622)]<br>In accordance with RRA 98, I confirm I have had no prior involvement with this taxpayer in either Appeals or any other IRS function for the types of taxes and tax years associated with this CDP case. |
| 04/27/2020 AN | 1.00 | [Guillot, Heidi A (11622)]<br>CDP INITIAL ANALYSIS paperless/document free case assigned during COVID flex. |

1. Hearing Request Type: DPLN
MFT/Periods: 55/200512, 55/200612, 55/200712, 55/200812, 55/200912.
Not TFRP, but failure to furnish information with respect to foreign corporations and partnerships. (Forms 5471/8865).
ACS: Philadelphia

2. L3172 NFTL Filing issued: 10-15-2019
MFT/Periods: 55/200512, 55/200612, 55/200712, 55/200812, 55/200912
Must request appeal by date: 11-22-2019

3. F12153 CDP Request
MFT/Periods: 55/200512, 55/200612, 55/200712, 55/200812, 55/200912
Valid POA: no, TP
Items Checked: lien discharge

TP signed
Postmark: unknown IRS Received date: 10-25-2019
Reason: wants the lien discharged, states never received the L3172.
Requested Collection Alternatives: none

4. Timeliness of request:
Request timely for: lien
Received in office that issued CDP notice? Mail, Fax
CSED Suspended by TC 520 cc 76: 10-25-2019, P
CSED Correct suspension date: 10-25-2019
Earliest CSED: 12-24-2028
MFT/Periods: 55/200512, 55/200612, 55/200712, 55/200812, 55/200912
Timely Receipt Date? Yes
Case Summary Card Correct: No, need to remove POA
Request timely based on the postmark date? No
Balance Due when CDP lien notice issued per IRC 6322 or 6311(a)? Yes

5. Transcripts (IDRS) Reviewed:
Were procedures for filing NFTL followed? Yes
Valid Assessment made for each mod? Yes
L3172 to last known address: Yes, per history.

6. Compliance: not filed on following
30/201512 $452,022 reported $41,720 cash transactions;
30/201612 $439,127 reported $31,823 cash transactions;
30/201712 $69,619 reported $27,019 cash transactions and
$2,966,779 mortgage on one property;
30/201812 nothing reported,
30/201912 2nd property mortgage debt credited $1,931,578.

I pulled, saved, and reviewed ACS history. Any future comment on ACS will be from today's save.

| | | |
|---|---|---|
| 04/27/2020 VA | 0.00 | [Guillot, Heidi A (11622)]<br>TPName: SAFDIEH, JOSEPH TIN███████ MFT: 55 Tax Period: 200612N<br>  STATDATE: 'Blank'    STATCODE: 'SUSP' Tax Period: 200712N<br>  STATDATE: 'Blank'    STATCODE: 'SUSP' Tax Period: 200812N<br>  STATDATE: 'Blank'    STATCODE: 'SUSP' Tax Period: 200512N<br>  STATDATE: 'Blank'    STATCODE: 'SUSP' Tax Period: 200912N<br>  STATDATE: 'Blank'    STATCODE: 'SUSP' |
| 04/27/2020 CO - UAL | 0.00 | [Guillot, Heidi A (11622)]<br>Date Generated: 04/27/2020 UAL: 4837 - SUBSTANTIVE CONTACT UNIFORM ACKNOWLEDGEMENT To: Taxpayer Address:    Joseph Safdieh    2003 E<br>5TH ST BROOKLYN, NY 11223 CC: none Enclosure(s): Publication 4167, |

| | | | |
|---|---|---|---|
| 04/27/2020 | AN | 0.50 | Introduction to Alternative Dispute Resolution    Publication 4227, Overview of the Appeals Process<br>[Guillot, Heidi A (11622)]<br>I prepared the L4837 Conference Letter scheduling the hearing for May 21,2020 at 10:00am EST,with my calling the taxpayer.<br><br>The letter responds to the taxpayers concerns regarding a discharge of the Federal Tax Lien. It gives him the number of the publication to review and form to submit if his circumstances fit.<br><br>The letter also advises that for a CDP hearing, he must request a collection alternative and lists the options with forms/documents needed for consideration. The letter tells the taxpayer that he must file Forms 1040 for 2015, 2016, 2017, 2018, 2019 to qualify for an installment agreement or Offer in Compromise.<br><br>The letter was mailed with publications 4227, 4167 to the taxpayer.<br><br>I also made a shared support request for a copy of the L3172 and CML to confirm the address. It must have been received for the taxpayer to appeal timely. |
| 05/01/2020 | CR - RA | 0.00 | [SYSTEM] |
| 05/01/2020 | CR - RA | 0.00 | [SYSTEM] |
| 05/04/2020 | NP | 0.00 | [Guillot, Heidi A (11622)]<br>In accordance with RRA 98, I confirm I have had no prior involvement with this taxpayer in either Appeals or any other IRS function for the types of taxes and tax years associated with this CDP case. |
| 05/04/2020 | CF - PC | 1.00 | [Guillot, Heidi A (11622)]<br>I returned the taxpayer's call and we ended up discussing his issues of the appeal. Details of the hearing: |

• Confirmed Appeals is independent from the IRS
• Confirmed no recollection of prior involvement
• Confirmed receipt/understanding of L4837 and publications 4227, 4167, offer of face-to-face. One wasn't requested.
• CDP hearing on civil penalties of not filing an international form with his return. This give right of tax court.
• Right to Power Of Attorney. The taxpayer said he is getting all kinds of calls and mail telling him that he needs to hire someone to take care of his tax issues. He asked if he needs to do so.

I told the taxpayer that it is his right to hire an attorney, CPA, or Enrolled Agent to represent him. It is also his right to represent himself. They don't have a magic-wand, but if he is uncomfortable handling the appeal, I would be happy to work with a representative.

TP RESPONSE: he said he didn't have a good tax consultant and thinks that is the reason he should not have been assessed the penalty. He disagrees with the penalty and tax. The lien is wrecking havoc with his credit and he wants to do some sort of payment arrangement to get rid of the lien. How can he get it to go away now.

* I told the taxpayer the best way to get the lien released is to full pay the liability. I told him I could assist in getting him on an installment agreement, but he must file his unfiled returns before he would qualify.

TP RESPONSE: he won't owe anything on any the returns because he has so much in carry-back losses. He is having a hard time dealing with the COVID-19 issue, he can't work his employees, doesn't know when his state will reopen and can't think about filing any returns. How does he get the return released and can we talk again late July or August? Does the appeal keep collection from bothering him?

* I told the taxpayer to qualify for lien release or withdrawal he has to be in filing compliance. Then we can set up an installment agreement if

he can't full pay. After 3 months of payment in a direct debit agreement he can request the lien to be withdrawn.

* We agreed to a call July 23-2020 at 10:00am. The TP is hoping he will be back at work and will be clearheaded with the COVID-19 behind him. He stated several times he is really suffering mentally from this challenge.

* The TP asked about collection actions again and I explained that no action would be taken against him at this time due to COVID-19, and that the penalties are under the Appeals hold. That doesn't mean that the IRS won't prepare/file the unfiled returns based on his reported income.

TP RESPONSE: He said he won't owe. I told him the IRS doesn't know that and this is why he needs to file his own return. If this does happen he can still file his own.

* We ended the call and agreed I would call him back in July.

I am putting the case in suspense per COVID-19 procedures given the hardship the taxpayer expressed.

| 05/04/2020 | SU - PI | 0.00 | [Guillot, Heidi A (11622)] |

| 07/23/2020 | TC | 0.25 | |

[Guillot, Heidi A (11622)]
I called the taxpayer as agreed. He said that he wants to work out a plan and get back to me on how to resolve his liability issue. I explained that there is nothing he can work out until he is in filing compliance and listed the returns that were needed.

The taxpayer responded that he has been trying to get in touch with his CPA who had been working to get past the 7-15-2020 filing deadline. Now the CPA is only in office one day a week.

The taxpayer asked that he have until September to get his plan formed. I told him that I couldn't hold the appeal open that long without forward movement. The purpose of a CDP Appeal is to help with collection alternatives and I can't do that if he isn't current.

The taxpayer, who is in the Real Estate business in NJ and NY said COVID has made everything mixed up. He then asked for a conference call with his CPA on August 4, 2020 at 10am. I agreed and told the taxpayer that he had to have specific dates for filing his delinquent returns or I would have to sustain the lien.

| 07/23/2020 | SU - TO (80) | 0.00 | [Guillot, Heidi A (11622)] |

| 08/04/2020 | TC | 0.50 | |

[Guillot, Heidi A (11622)]
The taxpayer and his CPA didn't call as he had requested. I called the taxpayer and he said that his CPA is working on the returns. The taxpayer told me to call him sometime in September for a follow-up.

I reminded the taxpayer that I had told him in our last call that the Appeal won't stay open without forward movement. I asked him what his CPA said the timing of filing would be.

TP RESPONSE: the taxpayer said that he won't owe anything because he has so much in Net Operating Loss Carrybacks. His returns are very intricate and take a lot of time.

I responded that most CPAs will be able to give you an idea of the timing they need to prepare a return. I told the taxpayer that they don't have to wait for all returns to be completed, get them to me one at a time even.

TP RESPONSE: he was glad that he could submit the returns one at a time to keep the Appeal open. He confirmed that he would file the ones that he has to mail certified and will send me copies with the tracking number.

I told the taxpayer that we still have to determine how he is going to pay his penalty liability. Did he want to do an installment agreement, OIC or full pay?