| | | |
|---|---|---|
| | | TP RESPONSE: he wants the liability abated. He isn't paying anything that is why he appealed. The taxpayer told me to call him next day same time as he has three other calls on hold and can't talk longer. |
| | | I agreed and reminded him that I called him when he said he had wanted a phone appointment. |
| 08/05/2020 TC | 0.50 | [Guillot, Heidi A (11622)]<br>I called the taxpayer as he requested. He still couldn't give me a specific date that he would be in filing compliance. He restated what he had said the day before that he has talked to his CPA and they will have Forms 1040 12/2015, 12/2016, 12/2017 ready to file sometime in September. |
| | | I asked about the Froms 1040 12/2018 and 12/2019 (which I acknowledged was on extension). The taxpayer said his forms are very complicated and he doesn't know when the latter two would be prepared. |
| | | I explained that my letter was sent to him in April explaining what was needed to assist him in any way with the lien. When we spoke for the hearing, I again went over what was needed and that I would give him extra time, that even if he could get the returns filed even one at a time to show progress. I told him he needed to get towards full compliance this month and that he can't wait another month and then ask for more time. He still can't give me a specific date to be in full compliance. |
| | | The taxpayer responded to give him a break, this is during COVID and he will Appeal anyway. He asked why I would want to hurt him to file the lien and what is it anyway, how does it affect him. |
| | | I educated the taxpayer that should he own real property and attempt to sell it, the tax would be paid before he would receive any funds. I also explained that the lien has already been filed and it is a notice of a tax liability. The filing is what gave him the appeal rights. |
| | | I went on to explain that Appeals hands are tied due to his not being in filing compliance. He should have filed these returns timely in 2016, 2017, 2018 and 2019 so this wouldn't be an issue. There is nothing Appeals can do to assist him in releasing of the lien, the first requirement of several is to be in compliance. We haven't even gotten to discussing how he will pay his liability. Having an open Appeal is not helping him at this point. |
| | | The taxpayer then demanded that he speak to the Appeals Team Manager, he will get this straightened out and no court would file a lien against him in this circumstance. |
| | | I told the taxpayer that I would be happy to pass his information along to my manager and reminded him that courts don't file liens and that they have already been filed. |
| 08/07/2020 ** | 0.00 | [Richardson, Donald G (12326)]<br>P/C to T/P, (917) 301-2179, left message for call back. |
| 08/28/2020 DM | 0.25 | [Guillot, Heidi A (11622)]<br>The hearing was held with the taxpayer who explained that he was not interested in paying his liability and wanted the lien discharged. The taxpayer confirmed that he was not in bankruptcy. I advised that his last filed Form 1040 was 12/2014 and before Appeals could assist with a Collection alternative he had to come into filing compliance and was given several opportunities. The taxpayer requested a manager call when told Appeals would sustain the lien filing. He did not return the Appeals Team Manager's attempt to contact him. |
| | | Appeals determined all legal and administrative procedures were followed and sustains the filing of the Federal Tax Lien. |
| 08/28/2020 CM | 0.50 | [Guillot, Heidi A (11622)]<br>I prepared the closing documents and emailed them to my ATM for approval. |
| 08/28/2020 VA | 0.00 | [Guillot, Heidi A (11622)]<br>TPName: SAFDIEH, JOSEPH ███████████ MFT: 55 Tax Period: 200612N<br>    STATDATE: 'Blank'    STATCODE: 'SUSP' Tax Period: 200712N |

A-44

|  |  |  |  |
|---|---|---|---|
|  |  |  | STATDATE: 'Blank' STATCODE: 'SUSP' Tax Period: 200812N |
|  |  |  | STATDATE: 'Blank' STATCODE: 'SUSP' Tax Period: 200512N |
|  |  |  | STATDATE: 'Blank' STATCODE: 'SUSP' Tax Period: 200912N |
|  |  |  | STATDATE: 'Blank' STATCODE: 'SUSP' |
| 08/28/2020 | AC - FR | 0.00 | [Guillot, Heidi A (11622)] |
| 09/01/2020 | SU - PI | 0.00 | [Veneziale-Bruno, Maria A (10186)] |
| 09/10/2020 | TC | 0.25 | [Guillot, Heidi A (11622)]

I received a phone call from the taxpayer after he received the L3193 Determination Letter. He didn't understand what it was saying and how it affected his case.

I explained that the letter tells him that Appeals sustains (agrees) with the filing of the Notice of Federal Tax Lien. His Appeal was timely and it gives him the right to petition Tax Court if he disagrees with the filing of the lien. Also, if the petition is within the timeframe as stated on the letter.

TP RESPONSE: he asked if that meant that no collection action would happen against the lien.

I explained that as I had stated in the hearing, the lien and levy are two different things. The Lien Appeal is only against the lien and Collection could go ahead and levy if they felt it was justified. They likely would not given the Appeal control on the internal system.

POA RESPONSE: he wholeheartedly disagrees with the lien and wants to fight it. What happens if he doesn't respond to the letter.

I said his case would go back into the Collection stream and he would get letters asking him to contact the IRS to work out a payment plan. (Paying in full, Installment Agreement, Offer, Not Collectible).

TP RESPONSE: he asked how long he had to submit the response and did that mean he would go to Court to fight the lien.

I told him he had to read the Determination Letter to figure out his deadline. I don't mail them out so I don't know what the date of the letter was.

TP RESPONSE: he told me he had until October 1st. He said he wishes to petition and could he call me back with more questions and help. He asked if he just states why he disagrees.

I told the taxpayer he was welcome to call me with questions anytime. I wouldn't be able to help him write his statement, he needs to list his disagreements. I also advised that he had requested a manager call and my manager did reach out to him, but didn't get him.

TP RESPONSE: he asked for my manager to call him again.

I advised he was out of office this week and I would let him know next week. |
| 09/16/2020 | SW - OT | 0.50 | [Guillot, Heidi A (11622)]
I received the case file today. I printed all documents and organized the file. It is in today's box to Holtsville. |



**Department of the Treasury**
**Internal Revenue Service**
**Independent Office of Appeals**
1111 Constitution Avenue, NW
Mail Stop: C:AP, Suite 700
Washington, DC 20224-0002

Date: **SEP 0 1 2020**

Person to contact:
Name: Heidi Guillot
Employee ID Number: 1001237762
Phone: 202-317-8932
Fax: 866-334-3949
Hours: 9:00am - 4:30pm EST
Re:
Due Process - Lien
Tax periods ended:
12/2005 12/2006 12/2007 12/2008
12/2009
Taxpayer ID number:

JOSEPH SAFDIEH
2003 E 5TH ST
BROOKLYN, NY 11223-3054

**Certified Mail**    7013 1090 0001 0763 3364

## NOTICE OF DETERMINATION
### Concerning Collection Actions under IRC Sections 6320 or 6330 of the Internal Revenue Code

Dear Mr. Safdieh:

We reviewed the completed or proposed collection actions for the tax periods above. This letter is your Notice of Determination, as required by law. We attached a summary of our determination. The attached determination summary shows the matters we considered at your Appeals hearing and our conclusions.

If you want to dispute this determination in court, you must file a petition with the United States Tax Court within 30 days from the date of this letter. To obtain a petition form and the rules for filing a petition, write to:

Clerk, United States Tax Court
400 Second Street NW
Washington, DC 20217

Or you can visit the Tax Court website at **www.ustaxcourt.gov**. Include a copy of this letter with your petition.

The United States Tax Court also has a simplified procedure for an appeal of a collection action if the total unpaid tax, including interest and penalties, for all periods doesn't exceed $50,000. You can obtain information about this simplified procedure by writing to the Tax Court or visiting their website.

The law limits the time for filing your petition to the 30-day period mentioned above. This timeframe is set by law and cannot be extended or suspended, even for reasonable cause. The court cannot consider your case if you file late. This 30-day period is suspended during any time that you're prohibited from petitioning the Tax Court due to the filing of a bankruptcy petition, plus an additional 30 days.

Your petition is timely if the Tax Court receives it within the 30-day period or if it is postmarked by the United States Postal Service within the 30-day period and the envelope containing the petition is properly addressed with the correct postage. The postmark rule doesn't apply if using the mail service of a foreign country. Generally, your petition will be timely if the date marked by a designated private delivery service is within the 30-day period. You can find a list of designated delivery services for domestic and international mailings in Notice 2016-30, which is available on our website at www.irs.gov/pub/irs-drop/n-16-30.pdf. The list of approved delivery companies is subject to change.

A-46
Letter 3193 (Rev. 1-2020)
Catalog Number 27215L

If you don't petition the court within the time provided by law, we'll return your case to the originating IRS office for action consistent with the determination summarized below and described on the attached pages. If you have questions, contact the person at the telephone number listed at the top of this letter.

**Summary of Determination**

The hearing was held between you and Appeals Officer (AO) H. Guillot. You requested discharge of the Federal Tax Lien but were advised you did not qualify. You were given several opportunities to come into filing compliance and did not take them. You did not request a collection alternative to resolve your tax liabilities and without being in filing compliance you don't qualify for an alternative.

Appeals sustains the filing of the Federal Tax Lien.

If you submitted a Form 2848, Power of Attorney and Declaration of Representation, or Form 8821, Tax Information Authorization, we'll send a copy of this letter to the representative.

If you have questions, contact the person listed at the top of this letter.

Sincerely,

*Donald Richardson*

Donald  Richardson
Appeals Team Manager

Enclosures:
Decision document

**Letter 3193 (Rev. 1-2020)**
Catalog Number 27215L

Docket No. 11680-20 L, Exhibit F, Page 2 of 4

# Attachment

**JOSEPH SAFDIEH**

███████

| Type of Tax(es) | Tax Period(s) | Date of CDP Notice | Type of hearing | Date used to determine timeliness |
|---|---|---|---|---|
| CIVIL PENALTY | 200512 | 10/15/2019 | 6320 | 10/25/2019 |
| CIVIL PENALTY | 200612 | 10/15/2019 | 6320 | 10/25/2019 |
| CIVIL PENALTY | 200712 | 10/15/2019 | 6320 | 10/25/2019 |
| CIVIL PENALTY | 200812 | 10/15/2019 | 6320 | 10/25/2019 |
| CIVIL PENALTY | 200912 | 10/15/2019 | 6320 | 10/25/2019 |

## SUMMARY AND RECOMMENDATION

The IRS filed the Notice of Federal Tax Lien pertaining to the above tax periods. This action gives the taxpayer the right, under Internal Revenue Code Section 6330, to challenge the collection actions under Collection Due Process (CDP).

Since your CDP request was timely, you have the right to petition the Tax Court.

You had a hearing with Appeals to discuss the issues and concerns.

Appeals has determined that the filing of the Notice of Federal Tax Lien (NFTL) was appropriate based on the applicable laws and procedure when filed.

## BRIEF BACKGROUND

The L4837 Conference Letter was mailed to you April 27, 2020, with Publication 4227. The letter scheduled the hearing for May 21, 2020 at 10:00am EST. The letter gave you the option of a face-to-face hearing and you did not request one. The letter advised of where to find information on a Lien Discharge and explained that you must request a collection alternative. The available alternatives were listed with the required financial documents to submit for review. The letter also required you to file Forms 1040 for tax periods 12/2015, 12/2016, 12/2018, 12/2019 in order to qualify for an Installment Agreement or Offer in Compromise.

The hearing was held between you and Appeals Officer (AO) Guillot. You stated that you never received the L3172 Notice of Filing of the Federal Tax Lien but didn't explain how you knew to request an Appeal in a timely manner. You confirmed that the notice was sent to your current address.

It was explained to you that because you are not in filing compliance you do not qualify for lien relief or a collection alternative besides Cannot Pay. You were given repeated opportunities to come into filing compliance and submit the required financials for review of a collection alternative. To date nothing has been received in Appeals or on the system. You requested a call from the Appeals Team Manager but did not return the call when a message was left for you.

**A-48**

## LEGAL AND ADMINISTRATIVE REVIEW

I, Heidi A Guillot, verified the requirements of any applicable law or administrative procedure were met. IRS records confirmed the proper issuance of the notice and demand, Notice of Intent to Levy and/or Notice of Federal Tax Lien (NFTL) filing, and notice of a right to a Collection Due Process (CDP) hearing.

An assessment was properly made for each tax and period listed on the CDP notice.

Notice and demand for payment was mailed to your last known address.

There was a balance due when the Notice of Intent to Levy was issued or when the NFTL filing was requested.

I had no prior involvement with respect to the specific tax periods either in Appeals or Compliance.

I reviewed the Collection file, IRS records and information you provided. My review confirmed that the IRS followed all legal and procedural requirements, and the actions taken or proposed were appropriate under the circumstances.

## ISSUES YOU RAISED

**Collection Alternatives Requested**
You offered no alternatives to collection.

**Challenges to the Liability**
You did not dispute your liability.

**You raised no other issues.**

## BALANCING ANALYSIS

Appeals has verified, or received verification, that applicable laws and administrative procedures have been met; has considered the issues raised; and has balanced the proposed collection with the legitimate concern that such action be no more intrusive than necessary by IRC Section 6330(c)(3).

Collection alternatives include full payment, installment agreement and offer in compromise. You have not submitted a collection alternative so far and do not qualify for one as you are not in filing compliance.

Filing the Notice of Federal Tax lien is not intrusive since it is not levy action. It is a public notice to protect the Government's interest.

Appeals determination is to sustain the lien filing action.

**A-49**

Docket No. 11680-20 L, Exhibit F, Page 4 of 4

Docket No. 11680-20 L

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing DECLARATION OF

RYAN J. HOUGH was served on petitioner by mailing the same on

_2/8/2021_____ in a postage paid wrapper addressed as follows:


Joseph Safdieh
2003 E. 5th St.
Brooklyn, NY 11223-3054

Date: 2/8/2021_____

_____
RYAN J. HOUGH
Attorney
(Long Island, Group 2)
(Small Business/Self-Employed)
Tax Court Bar No. HR1125
1600 Stewart Avenue, Suite 601
Westbury, NY 11590
Telephone: 516-688-1735
ryan.j.hough@irscounsel.treas.gov

**A-50**

# United States Tax Court

Washington, DC 20217



JOSEPH SAFDIEH,

      Petitioner

      v.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent

Docket No. 11680-20L

## <u>ORDER</u>

This case was originally on the Court's May 24, 2021 trial calendar for New York City. It arises from a notice of determination sustaining the filing of a federal tax lien to collect penalties assessed under IRC § 6038 for tax years 2005–2009. Respondent moved for summary judgment, but the question of the assessability of section 6038 penalties was bubbling up in other cases as well. In Farhy v. Commissioner, no. 10647-21L, 160 T.C. No. 6, slip op. at 7 (Apr. 3, 2023) we finally held that those penalties are not assessable, but likely recoverable only in a civil action. Id., 160 T.C., slip op. at 7–8. Our decision in Farhy is still pending on appeal to the D.C. Circuit. See Farhy v. Commissioner, No. 23-1179 (D.C. Cir. filed July 24, 2023).

Last week we declined to overrule Farhy in a case appealable to the Eighth Circuit, even though the D.C. Circuit has not yet spoken on the issue. Muhki v. Commissioner, no. 4239-22L, 162 T.C. No. 8, slip Op. At 18 (Apr. 8, 2024). Our citation to Golsen v. Commissioner, 54 T.C. 742, 747 (1970), aff'd, 445 F.2d 985 (10th Cir. 1971) means that we will not wait on the appeal in Farhy any longer for cases appealable other than to the D.C. Circuit.

Mr. Safdieh was a New York resident when he filed his petition, so appellate venue presumptively lies in the Second Circuit. He is representing himself, and we infer from the fact that his filings are mostly handwritten that he is not the most sophisticated of litigants in Tax Court. In his response to the IRS's motion he did not include his own motion for summary judgment, and he did not raise the argument that ultimately prevailed in Farhy and Mukhi.

We have nevertheless held that we can grant summary judgment against the Commissioner even when he is the only party moving for summary judgment. See Rogers v. Commissioner, 157 T.C. 20 (2021) (Court, in rejecting respondent's lone summary judgment motion, held that respondent abused his discretion rather than remand or try issue). We have also held that it is the obligation of the appeals officer conducting a CDP hearing to verify "that the requirements of any applicable law or

**Served 04/16/24**

administrative procedure have been met." I.R.C. §§ 6320(c), 6330(c)(1). See Freije v. Commissioner, 126 T.C. 14, 32–37 (2005) (finding an appeals officer's verification was insufficient due to an error of law). This would appear to be a legal impossibility in this case now that we've twice held that the Code does not permit the assessment of section 6038 penalties.

Nevertheless, our Rule 121(g) requires that we give respondent notice and an opportunity to point out any difference between this case, and Farhy and Mukhi. If not, we will enter decision in Mr. Safdieh's favor -- though we will note that we regard any arguments in those two cases as having been made in this one as well.

Therefore, it is

ORDERED that on or before May 15, 2024 respondent file a response to this order.

**(Signed) Mark V. Holmes**
**Judge**

**A-52**



24

# United States Tax Court
Washington, DC 20217

JOSEPH SAFDIEH,

      Petitioner

      v.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent

Docket No. 11680-20L.

## <u>ORDER AND DECISION</u>

This case was originally on the Court's May 24, 2021 trial calendar for New York City. It arises from a notice of determination sustaining the filing of a notice of federal tax lien to collect penalties assessed under IRC § 6038[1] for tax years 2005–2009. Respondent moved for summary judgment, but the question of the assessability of section 6038 penalties was bubbling up in other cases as well. In *Farhy v. Commissioner,* 160 T.C. 399, 403–13 (2023), we finally held that those penalties are not assessable, but likely recoverable only in a civil action. *Id*. The government then appealed *Farhy* to the D.C. Circuit. *See Farhy v. Commissioner*, 100 F.4th 223 (D.C. Cir. 2024).

While that appeal was pending, we declined to overrule *Farhy* in a case appealable to the Eighth Circuit. *Muhki v. Commissioner*, No. 4239-22L, 162 T.C., slip op. at 18 (Apr. 8, 2024). Our citation to *Golsen v. Commissioner*, 54 T.C. 742, 757 (1970), *aff'd*, 445 F.2d 985 (10th Cir. 1971) meant that we would not wait on the appeal in *Farhy* for cases appealable other than to the D.C. Circuit.

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

A-53

**Entered and Served 12/05/24**

But then the D.C. Circuit reversed our decision in *Farhy*. *See Farhy v. Commissioner*, 100 F.4th 223 (D.C. Cir. 2024). Our Court's tradition when we've been reversed is to reexamine our reasoning when the issue is next raised in a case appealable to a different circuit. As it turned out, *Mukhi* was not yet final and unappealable when the D.C. Circuit issued *Farhy*. The Commissioner moved to reconsider our decision in *Mukhi* itself. Last week we issued *Mukhi II*, No. 4329-22L, 163 T.C. (Nov. 18, 2024), in which we held that we still think we're right in our interpretation of section 6038, and expressly held that we would continue our disagreement with the D.C. Circuit in cases appealable to other circuits.

Mr. Safdieh was a New York resident when he filed his petition, so appellate venue presumptively lies in the Second Circuit. He is representing himself, and we infer from the fact that his filings are mostly handwritten that he is not the most sophisticated of litigants in Tax Court. In his response to the IRS's summary-judgment motion in his case, he did not include his own motion for summary judgment, and he did not raise the argument that ultimately prevailed in *Farhy* and *Mukhi*.

We have nevertheless held that we can grant summary judgment *against* the Commissioner even when he is the only party moving for summary judgment. *See Rogers v. Commissioner*, 157 T.C. 20, 49 (2021) (Court, in rejecting respondent's lone summary judgment motion, held that respondent abused his discretion). We have also held that it is the obligation of the appeals officer conducting a CDP hearing to verify "that the requirements of any applicable law or administrative procedure have been met." I.R.C. §§ 6320(c), 6330(c)(1). *See Freije v. Commissioner*, 125 T.C. 14, 32–37 (2005) (finding an appeals officer's verification was insufficient due to an error of law). In this case, verification is a legal impossibility now that we've twice held that the Code does not permit the assessment of section 6038 penalties. And because the Commissioner lacks the power to assess these penalties in the first place, Mr. Safdieh's notice of determination cannot survive.

Our Rule 121(g) required that we give respondent notice and an opportunity to point out any difference between this case, and *Farhy* and *Mukhi*. The Commissioner admitted in his response that "the basic facts that underlie the assessment issue in these cases do not differ."

**A-54**

That means that we can now enter decision in Mr. Safdieh's favor —and we will note that we regard any arguments in *Farhy* and *Mukhi* as having been made in this one as well.

Therefore, it is

ORDERED that respondent's February 8, 2021 motion for summary judgment is denied. It is also

ORDERED that summary judgment in favor of petitioner is granted. It is also

ORDERED and DECIDED that respondent may not proceed with the collection of petitioner's liability for penalties under section 6038 for the tax years 2005 through 2009 as described in the Notice of Determination Concerning Collection Action(s)under Section 6320 and/or 6330, dated September 1, 2020.

The undersigned respectfully suggests, if this decision is appealed to the Second Circuit, that Court consider appointing *pro bono* counsel to represent Mr. Safdieh.

**(Signed) Mark V. Holmes**
**Judge**

**A-55**

**Received**
02/28/25 10:01 am

27

**Filed**
02/28/25

Joseph Safdieh,

     Petitioner

     v.

Commissioner of Internal Revenue

     Respondent

Electronically Filed
Docket No. 11680-20L
Document No. 27

# Notice of Appeal for the 2nd Circuit

Certificate of Service

# A-56

**SERVED 02/28/25**



| **Received** | **Filed** |
|---|---|
| 02/28/25 10:01 am | 02/28/25 |

Joseph Safdieh,

    Petitioner

    v.

Commissioner of Internal Revenue

    Respondent

Electronically Filed
Docket No. 11680-20L
Document No. 27

# Notice of Appeal

Certificate of Service

# A-57
**SERVED 02/28/25**

**UNITED STATES TAX COURT**

| | |
|---|---|
| JOSEPH SAFDIEH, | |
| Petitioner, | Docket No. 11680-20L |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | Filed Electronically |
| Respondent. | |

**NOTICE OF APPEAL**

Notice is hereby given that the Commissioner of Internal Revenue appeals to the United States Court of Appeals for the Second Circuit from the decision of this Court entered in the above-captioned proceeding on December 5, 2024.

The legal residence of Petitioner Joseph Safdieh was 2003 E. 5th Street, Brooklyn, New York 11223 at the time the petition was filed with the Tax Court. Accordingly, venue is properly placed with the United States Court of Appeals for the Second Circuit.

Date: February 28, 2025

*Melissa A. Henkel*
_____(FOR)
FRANCESCA UGOLINI
Chief, Appellate Section
Tax Division
Department of Justice
950 Pennsylvania Avenue NW
Room 4326
Washington, DC 20530

**A-58**

Docket No. 11680-20L

Telephone: (202) 514-1882
Francesca.Ugolini@usdoj.gov

*Melissa A. Henkel*
_____(FOR)
WILLIAM M. PAUL
Acting Chief Counsel
Internal Revenue Service

*Melissa A. Henkel*
_____
MELISSA A. HENKEL
Chief, Branch 1
(Procedure & Administration)
Tax Court Bar No. HM0650
1111 Constitution Avenue NW
Room 5531
Washington, DC 20224
Telephone: (202) 317-5146
Melissa.A.Henkel@irscounsel.treas.gov

**A-59**

Docket No. 11680-20L

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Notice of Appeal was served

on Petitioner Joseph Safdieh by mailing the same on February 28, 2025 in a

postage-paid wrapper, at the following address:

> Joseph Safdieh
> 2003 E. 5th St
> Brooklyn, NY 11223-3054

Date: February 28, 2025

*Melissa A. Henkel*
_____
MELISSA A. HENKEL
Chief, Branch 1
(Procedure & Administration)
Tax Court Bar No. HM0650

**A-60**